**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**UNITED STATES OF AMERICA,**

                  **Plaintiff,**                  05-CR-59A(Sr)

**v.**

**WELTON MILES,**

                  **Defendant.**

---

## DECISION AND ORDER

This case was referred to the undersigned by the Hon. Richard J. Arcara, in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions.  Dkt. #14.

## PRELIMINARY STATEMENT

The defendant, Welton Miles, a/k/a "Rick" ("the defendant"),  is charged in four counts of a five-count Indictment with being a felon in possession of ammunition, namely one hundred ninety-four (194) CCI Mini Mag .22 Caliber long rifle cartridges and ten (10) 16 gauge Remington rifled slugs, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count 1).  Dkt. #13.  The indictment also charges the defendant, along with two co-defendants, Cyrus Q. Benning and Christopher J. Thomas, with conspiracy to possess cocaine base with intent to distribute, in violation of Title 21 U.S.C. § § 841(a)(1) and 841 (b)(1)(A) and Title 21 U.S.C. § 846 (Count 3); possession with intent to distribute cocaine base, in violation of Title 21 U.S.C. §§ 841(a)(1) and

841(b)(1)(B) and Title 18 U.S.C. § 2 (Count 4); and possession of cocaine base in violation of Title 21 U.S.C. § 844(a) and Title 18 U.S.C. § 2 (Count 5).  Dkt. #13.

The defendant has filed a motion seeking: (1) *Brady* material; (2) preclusion of any items which have not been disclosed as required pursuant to Fed. R. Crim. P. 16; (3) *in camera* review of the application in support of the search warrant for 44 Smith Street; (4) disclosure of the identity of confidential informants; (5) sentencing information; (6) FRE 404(b) materials; and joinder in the motions of his co-defendants. Dkt. #18.  The government has filed a response to these requests. Docket #22.  Each of these requests will be separately addressed herein; the defendant's motion for suppression of the evidence obtained from 44 Smith Street and from the female passenger in the Lincoln Navigator automobile will be addressed in a separate Report, Recommendation and Order.  Dkt. #18.

## DISCUSSION AND ANALYSIS

*Brady/Jencks* Materials

The defendant asserts that he advised one of the Lackawanna police officers conducting the search at 44 Smith Street that he had just moved into the apartment, that he had no knowledge of the presence of the ammunition, and that it must have been there when he moved in.  Dkt. #18, p.6.  The defendant requests a copy of this exculpatory statement from the government pursuant to Fed. R. Crim. P. 16(a)(1)(A) & (B) and *Brady v. Maryland*, 373 U.S. 83 (1963).  Dkt. #18, p.6. Alternatively, the defendant asks the Court to order the government "to inquire of its agents, as well as the Lackawanna Police Department officer involved in the execution

of the search at 44 Smith Street, whether in fact Miles made any statements, exculpatory or otherwise." Dkt. #18, p.7.

The defendant also seeks any evidence that may affect his ability to move to suppress evidence, including any statements made by potentially unreliable witnesses in support of the search warrant application for 44 Smith Street or the stop of the Lincoln Navigator automobile in which defendant was arrested. Dkt. #18, p.7. For example, the defendant claims that Michael Cochrain, the individual for whom the pills seized during the search of 44 Smith Street were prescribed, was previously arrested at that address after he allegedly threatened another tenant with a chain saw. Dkt. #18, p.12. The defendant also notes that Debra Davis, was charged with, *inter alia*, obstructing governmental administration after she lied to police officers about the whereabouts of the subject of an arrest warrant, just three days before she acted as an informant for the Southern Tier Task Force in this matter. Dkt. #20, p.2. The defendant argues that these circumstances fall within the scope of *Brady* and raise serious concerns about the veracity and reliability of Debra Davis and whether police officers should have relied upon her information in stopping the Lincoln Navigator automobile in which defendant was a passenger. Dkt. #20, p.2.

The government responds that it is "unable to verify defendant Miles' claimed exculpatory statement at [the] time of search warrant execution." Dkt. #22, p.3, n.2. However, the government does state that "[a]ll written and recorded statements of defendants have been provided or will be provided, as well as the substance of any oral statements made by the defendant before and after arrest in response to interrogation

by any person known to the defendant to be a Government agent." Dkt. #22, ¶ 5.  The government also responds that it is not in possession of any exculpatory or impeachment material within the definition of *Brady* but acknowledges its ongoing obligation.  Dkt. #22, ¶ 15.

The government agrees to provide information regarding criminal histories and favorable treatment or inducements offered to its witnesses no later than one week prior to the commencement of trial, at which time it will also produce material in accordance with *Jencks*.  Dkt. #22, ¶¶ 8, 9 & 16-17.  As a result of these representations, the defendant's request for such materials is DENIED, but the government is hereby directed to comply with the Second Circuit Court of Appeals' holding in *United States v. Coppa*, 267 F.3d 132 (2d Cir. 2001), by making timely disclosure of those materials to the defendant.

"[A]s a general rule, *Brady* and its progeny do not require immediate disclosure of all exculpatory and impeachment material upon request by a defendant." *Id*. at 146.  The prosecution is obligated to disclose and turn over *Brady* material to the defense "in time for its effective use." *Id*. at 144.  With respect to impeachment material that does not rise to the level of being *Brady* material, such as *Jencks* statements, the prosecution is not required to disclose and turn over such statements until after the witness has completed his direct testimony.  *See* 18 U.S.C. § 3500; Rule 26.2 Fed.R.Crim.P.; *In Re United States*, 834 F.2d 283 (2d Cir. 1987).  However, if the government has adopted a policy of turning such materials over to the defendant prior to trial, the government shall comply with that policy; or in the alternative, produce such materials in accordance with the scheduling order issued by the trial judge.

Fed. R. Crim. P. 16 Disclosures

The defendant seeks an order precluding the government from admitting into evidence at trial, all items which have not been produced as required, pursuant to Fed. R. Crim. P. 16(a)(1)(E) and (F). Dkt. #18, pp.7-9. In support of this request, the defendant argues that he requested disclosure pursuant to Rule 16 on February 23, 2005 and the Court set a deadline of March 11, 2005 for production of voluntary discovery, but very little evidence has been disclosed. Dkt. #18, pp.3-5.

Without conceding that the information specifically requested is within the purview of Rule 16, the government responds that it has provided "all material presently within its possession that is within the purview of Rule 16 and in compliance with Rule 12(b)(4)(B) and believes that discovery is thereby complete." Dkt. #22, ¶ 5. The government states that the "results and reports of physical and mental examinations and of scientific tests and experiments made in connection with the case have been made available to the defendants" and promises that "[i]f any further reports are forthcoming, they will be provided upon receipt by the government." Dkt. #22, ¶ 6. The government also states that it will comply with defendant's "request for expert testimony pursuant to Rule 16(a)(1)(G) of witnesses who will testify under Rules 702, 703 and 705 F.R.E." Dkt. #22, ¶ 6. The government states that it has made available all tangible objects obtained from the defendants and advises the defendant, in accordance with Rule 12(b)(4)(B), that such evidence will be used by the government against the defendant at trial. Dkt. #22, ¶ 7. Finally, the government agrees to provide defendant with his arrest record. Dkt. #22, ¶ 8.

As a result of these representations by counsel for the government, the defendant's request for 16(a)(1) materials is DENIED on the basis that it is moot.

*In Camera* Testimony of Confidential Informant

Defendant Miles argues that the information provided to the defense does not provide a sufficient basis for issuance of the search warrant by Lackawanna City Court Judge Marrano because the warrant application is based primarily upon *in camera* testimony and investigatory surveillance which the government has declined to disclose. Dkt. #18, p.10. The defendant asks the Court to conduct an *in camera* review of the *in camera* testimony presented to Judge Marrano to determine the reliability of the confidential informant and the extent to which the informant's allegations were corroborated by investigatory surveillance. Dkt. #18, pp.11-13.

The government responds that the police officers relied in good faith upon the search warrant obtained from Lackawanna City Court Judge Marrano and therefore, defendant's request to suppress evidence must be denied based on *United States v. Leon*, 468 U.S. 897 (1984). Dkt. #30, ¶ 9.

Suppression of evidence obtained pursuant to a search warrant is an appropriate remedy only if a warrant application is not supported by probable cause and law enforcement's reliance upon the search warrant was objectively unreasonable, *i.e.*, the officer lacked "objective good faith" in the validity of the warrant. *See United States v. Cancelmo*, 64 F.3d 804, 807 (2d Cir. 1995), *citing Leon*, 468 U.S. at 923. A law enforcement officer cannot claim objective good faith reliance upon a warrant where:

>   (1)   the issuing magistrate has been knowingly misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth;
>
>   (2)   the issuing magistrate has wholly abandoned his or her judicial role;
>
>   (3)   the application is so lacking in indicia of probable cause as to render reliance upon it unreasonable; or
>
>   (4)   the warrant is so facially deficient that reliance upon it is unreasonable.

*Id.* at 807, *citing Leon*, 466 U.S. at 923.

In the instant case, it is impossible for the Court to determine whether the warrant is supported by probable cause because the affidavit of Det. Paul Sojda states only that an informant indicated that he "did exchange guns for crack cocaine within the last ten days" and that "surveillance has indicated the subject sells crack cocaine throughout the day, including night hours." Dkt. #22, Exh. A. *Cf. United States v. Barnes*, 399 F. Supp.2d 169 (W.D.N.Y. 2005) (review of confidential informant's *in camera* testimony unnecessary where law enforcement officer's affidavit in support of warrant "provided an ample basis for Judge Givens to issue a search warrant for Defendant's apartment."). Thus, if probable cause was established, it must have been based upon the *in camera* testimony of the confidential informant who appeared before Judge Marrano and testified "under oath as to his knowledge concerning the persons, places and things which [were] the subject of the search warrant." Without review of this testimony, the Court is also unable to assess Judge Marrano's determination of probable cause or the reasonableness of Det. Sojda's reliance upon the resulting warrant. Accordingly, the government is hereby DIRECTED to provide an unredacted

recording[1] and/or transcript of the proceedings before Judge Marrano to this Court, under seal, within ten days of the issuance of this Decision and Order.

Identity of Informants

The defendant seeks disclosure of the identity of the confidential informants involved in the application for a search warrant for 44 Smith Street and the stop of the Lincoln Navigator automobile.  Dkt. #18, p.16.

The government responds that the defendant has not demonstrated that disclosure of the identity of the informants is warranted and declines to make such disclosure voluntarily.  Dkt. #22, ¶ 11.

In *United States v. Saa*, the Court of Appeals for the Second Circuit addressed this issue as follows:

> The leading Supreme Court case on this question, *Roviaro v. United States*, 353 U.S. 53, 77 S.Ct. 623, 1L.Ed.2d 639 (1957), holds that
>
> > [w]here the disclosure of an informant's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to the fair determination of a cause, the [informant's] privilege must give way.
>
> 353 U.S. at 60-61, 77 S.Ct. at 628.  The Court explained that "no fixed rule with respect to disclosure is justifiable."  *Id.* at 62, 77 S.Ct. at 628.  What is required is "balancing the public interest in protecting the flow of information against the individual's right to prepare his defense."  *Id.*  Whether non-disclosure is erroneous "must depend on the particular

---

[1] At oral argument of defendants' motions, the government represented that the proceeding before Judge Marrano was recorded.

> circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." *Id.* See *Rugendorf v. United States*, 376 U.S. 528, 534-35, 84 S.Ct. 825, 829, 11 L.Ed.2d 887 (1964); *United States v. Lilla*, 699 F.2d 99, 105 (2d Cir. 1983); *United States v. Ortega*, 471 F.2d 1350, 1359 (2d Cir. 1972), *cert. denied*, 411 U.S. 948, 93 S.Ct. 1924, 36 L.Ed.2d 409 (1973).
>
> The defendant is generally able to establish a right to disclosure "where the informant is a key witness or participant in the crime charged, someone whose testimony would be significant in determining guilt or innocence." *United States v. Russotti*, 746 F.2d 945, 950 (2d Cir. 1984); *United States v. Roberts*, 388 F.2d 646, 648-49 (2d Cir. 1968); *see United States v. Price*, 783 F.2d 1132 (4th Cir. 1986); *United States v. Barnes*, 486 F.2d 776 (8th Cir. 1973). In *Roberts*, the informant introduced an undercover agent to the defendant and was present when the defendant and the agent negotiated and transacted two sales of heroin. The Court, noting that the informant was "present during all the significant events," 388 F.2d at 649, found that he was "obviously a crucial witness to the alleged narcotics transactions," *id.*, and therefore, his whereabouts should have been revealed to the defense if properly requested. But disclosure of the identify or address of a confidential informant is not required unless the informant's testimony is shown to be material to the defense. *See United States v. Valenzuela-Bernal*, 458 U.S. 858, 870-81, 102 S.Ct. 3440, 3448, 73 L.Ed.2d 1193 (1982) (dictum); *United States v. Lila*, 699 F.2d at 105. As this Court's recent opinion in *United States v. Jiminez*, 789 F.2d 167 (2d Cir. 1986) makes clear, it is not sufficient to show that the informant was a participant in and witness to the crime charged. In *Jimenez*, the informant was both participant and witness, but the district court's refusal to order disclosure of his identity was upheld on the ground that the defendant had failed to show that the testimony of the informant "would have been of even marginal value to the defendant's case. 789 F.2d at 170."

859 F.2d 1067, 1073 (2d Cir. 1988); *see also United States v. Fields*, 113 F.3d 313, 324 (2d Cir. 1997). Since the defendant has not made a sufficient showing that any

-9-

informant's potential testimony is material to his defense, this request is DENIED.

Sentencing Information

The defendant seeks information generally relating to his sentencing exposure.  Dkt. #18, pp.18-20.

The government replies that the defendant has no right to receive information regarding his exposure under the sentencing guidelines prior to trial.  Dkt. #22, ¶ 27.

There is no legal requirement that a defendant be provided with "sentencing guideline" calculations prior to trial.  *United States v. Williams*, 977 F.2d 866, 871 (4th Cir. 1992).  It is also pointed out that in this District, a defendant is provided with a preview of the Pre-Sentence Investigation Report in advance of sentencing, and the factors to be considered in arriving at a sentence are already available to the defendant.  Therefore, this request is DENIED.

Rule 404(b) Materials

The defendant seeks details of any prior bad acts which the government will seek to admit against him at trial.  Dkt. #18, p. 20.

The government responds that it has disclosed, by way of discovery, its intention to offer proof of other crimes, wrongs or acts for purposes of proving such matters as motive, opportunity, intent, preparation, plan, knowledge, identity or absence

of mistake or accident pursuant to Rule 404(b) FRE as well as for proof of the existence of and participation in the overall conspiracy alleged in the indictment.  Dkt. #22, ¶ 13.  With respect to the use of such evidence as "impeachment material," the government states that such information will be provided as "*Jencks* material" consistent with its obligation to make such disclosures.  Dkt. #22, ¶ 14.

Rule 404(b) only requires that "the prosecution. . . provide reasonable notice in advance of trial. . . of the *general* nature of any such evidence it intends to introduce at trial" (emphasis added).  This has been done, and as a result, defendant's request on this issue is DENIED as moot.  The issue of admissibility of such evidence pursuant to FRE 404(b) and 609 is best left to the determination of the trial judge at the time of trial.

Joinder in the Motions of Co-Defendants

Defendant Miles joins in the motions of his co-defendants.  Dkt. #18, p.20.  This request is GRANTED with the further directive and finding that the Decision and Order of this Court as to each of the co-defendant's requests contained in the omnibus motions in which this defendant joins shall also be deemed to be the Decision and Order of this Court as to the defendant herein.

Government's Reciprocal Rule 16(b) Request

The government has requested that the defendant permit it to inspect and copy various books, records, documents, photos and other tangible objects, including

reports of physical or mental examinations and of scientific tests or experiments, within the possession or control of the defendant which the defendant intends to introduce as evidence in chief at the trial along with written summaries of expert witnesses' testimony that the defendant intends to use. Dkt. #22, ¶ 34. Since the defendant has moved pursuant to Rule 16(a)(1) of the Federal Rules of Criminal Procedure for similar materials and information, the government is entitled to this information pursuant to Rule 16(b)(1) and its request is GRANTED.

## CONCLUSION

Therefore, it is hereby **ORDERED** pursuant to 28 U.S.C. § 636(b)(1) that:

This Decision and Order be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Decision and Order must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Decision and Order in accordance with the above statute, Fed. R. Crim. P. 58(g)(2) and Local Rule 58.2.

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. *See, e.g., Patterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988). **Failure to file objections within the specified time or to request an extension of such time**

**waives the right to appeal the District Judge's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2 of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 58.2, or with the similar provisions of Rule 58.2 (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Judge's refusal to consider the objection.**

/s/ H. Kenneth Schroeder, Jr.

_____
**H. KENNETH SCHROEDER, JR.
United States Magistrate Judge**

**DATED:    Buffalo, New York
               February 9, 2006**